MARK P. WHEELER *versus* NELSON S. ALLEN, *Ex'r.*

After making certain specific bequests, the will proceeds as follows : — " I give and bequeath all my property, which shall remain, to the sons and daughters of my brothers William, Mark, John, George and Horatio, equally, and to the heirs of their bodies respectively ; and, in case of the failure of the heirs of the body of any or either of them, it is my wish that the share of such deceased one, without issue, should be divided among those who shall survive, and the heirs of their bodies respectively, share and share alike." In an action by one of the children of a daughter of the testator's brother Mark, to recover a distributive share under the will ; — *Held*, 1. That the gift to " the heirs of the body" of the " sons and daughters" of the testator's brothers, was original and independent, and not substitutionary ; and

Wheeler v. Allan.

2, That the children of a nephew or niece, who was dead at the date of the will, are collectively entitled to a share in the residuary estate in like manner as the nephews and nieces themselves, or the heirs of the bodies of those who may have died since the will was made.

ON REPORT.

DEBT for a legacy.

The only question sought to be raised was as to the right of the plaintiff to recover a distributive share under the will. The facts sufficiently appear in the opinion.

*W. B. Smith*, for the defendant, contended:—

That the issue respectively of the six sons and daughters, deceased before the execution of the will, were not entitled to take. They were not named. The testatrix's intimacy with the family made her aware that these " sons and daughters" were deceased when she made her will. If she intended to make these "heirs of the body" of such deceased " sons and daughters," the recipients of her legacy, it would have been clearly so expressed. Her language is prospective. Her words, " in case of failure of heirs of the body," evidently and only refer to a possible event thereafter to take place, and for this she makes the provision that the share of such one, so failing, (present tense) should be divided among the survivors.

*George Walker*, for the plaintiff.

BARROWS, J.—Elizabeth Allan, by her will, made Sept. 15, 1854, and admitted to probate in October, 1863, after bequeathing to her brother John Allan, the dividends upon certain stocks and the interest upon certain mortgages, to be collected by her executors and paid over to the said John, during his life, and making certain specific bequests of money and other personal property to certain relatives by name, disposed of the remainder of the property as follows:

" I give and bequeath all my property which shall remain after the payment of the foregoing legacies, and the amount hereinafter bequeathed to my executors, and after the de-

cease of my brother John Allan, to the sons and daughters of my brother William Allan, *and the sons and daughters of my brother Mark Allan*, and the sons and daughters of my brother John Allan, and the sons and daughters of my brother George W. Allan, and the sons and daughters of my brother Horatio G. Allan, equally, *and to the heirs of their bodies respectively*, and, in case of the failure of heirs of the body of any or either of them, it is my wish that the share of such deceased one, without issue, should be divided among those who shall survive and to the heirs of their bodies respectively, share and share alike." The specific legacies had been paid and John Allan was dead, at the commencement of this suit. The plaintiff is one of four children of a daughter of Mark Allan. His mother died in February, 1851, he being then more than 21 years of age. When the will was made, in September, 1854, the five brothers of the testatrix, abovenamed, had twenty-nine sons and daughters living, all of whom, or the heirs of their bodies, still survive, and there were six of " the sons and daughters," (including the plaintiff's mother,) who had died previously, leaving " heirs of their bodies."

It is conceded that the plaintiff is entitled to recover in this action one-fourth of one-thirty-fifth of the amount remaining in the hands of the defendant, as executor, to be distributed under the order of the Judge of Probate, if the children of any of the six nephews and nieces of the testatrix, who died previous to the making of the will, are entitled to a distributive share of the estate, under the item above recited.

Do the children of the nephews and nieces, who were dead at the date of the will, take any share of the residuary estate under this item?

Upon a review of the cases which are to be found in the books, more or less resembling the one at bar, it is apparent that distinctions somewhat subtle and shadowy have obtained from time to time, depending, perhaps, upon " the length of the Chancellor's foot," or the liveliness of his imagination,

and producing a series of decisions not at first sight easily capable of being made to harmonize, if not actually conflicting.

In *Christopherson* v. *Naylor*, 1 Merivale, 320, the bequest was to " each and every of the child and children of my brother and sisters, A, B, C and D, which shall be living at my decease ; *but, if* any child or children of my said brother and sisters, or any of them, shall happen to die in my lifetime and leave issue living at his or her decease, then, and in such case, the legacy or legacies hereby intended for such children, so dying, shall be upon trust for, and I give and bequeath the same to his, her or their issue, such issue taking only the legacy or legacies which his, her or their parents or parent would have been entitled to, if living at my decease,"—and it was held that the children of those of the nephews and nieces, who were dead at the time of the making of the will, were not included in the gift,—the Master of the Rolls remarking that " the nephews and nieces are here the primary legatees ; nothing whatever is given to their issue, except in the way of substitution. In order to claim, therefore, under the will, these substituted legatees must point out the original legatees in whose place they demand to stand. But, of the nephews and nieces of the testator, none could have taken besides those who were living at the date of the will. The issue of those who were dead at that time can consequently show no object of substitution ; and, to give them original legacies, would be in effect to make a new will for the testator."

In *Butler* v. *Ommaney*, 4 Russell's (Chancery) Reports, 70, the testator had bequeathed the residue of his estate, after the death of his wife and brother Joseph, " between the children of his said brother, and his late sister Betty, and late brother Jacob, who should be living, in equal shares, and, as to such of them as should be then dead, leaving a child or children, such child or children were to be and stand in the place or places of his, her or their parent or parents, and the Vice Chancellor held, that the children of

those of Jacob's children who were dead at the date of the will took no share of the residue.

In *Gray* v. *Garman*, 7 Jurist, 275, the testator gave the residue of his property to his wife, for life, and, "at her death, to be equally divided between her brothers and sisters, and, in case any or either of them should be dead," (at the time of the decease of the wife,) "leaving issue, then such issue to stand in the place of their respective parent or parents." And the question was whether the issue of a brother of the wife, who was dead at the date of the will, were entitled. The Vice Chancellor, WIGRAM, decided against their claim, holding that "the word 'them,' in the second clause, referred to the brothers and sisters described in the first, which clearly did not extend to a brother or sister previously dead."

And, in the case of *Waugh* v. *Waugh*, 2 Mylne and Keen's Reports, 41, a bequest of stock was made to the executors in trust to pay the dividends accruing therefrom to the testator's nephew J., during his life, "and, as to the principal, in trust for all the brothers and sisters of the said J., who should be living at the time of his death, *and the children then living of any of his brothers and sisters, who should previously have departed this life*, equally to be divided among such brothers and sisters *and children*, but so nevertheless that the children of such deceased brother or sister should take only the share which their parents would have taken if living, which should be equally divided among such children." The question was whether the daughter of one of J's brothers, who was dead at the date of the will, should share, and Sir J. LEACH, Master of the Rolls, held, she was not entitled, remarking that, "the words used in the first part of the bequest would comprise the claimant. but by the subsequent part of the gift it was expressed that the children of a deceased brother of J. were to take only the share which their parents would have taken if living, by which was to be understood, would have taken under that bequest if living. And the parent of the claimant being

dead at the time of the making of the will could have taken nothing under that bequest." In the foregoing cases, the gift to the children of the deceased person, was held to be substitutionary merely, and there being no person living when the will was made, capable of taking as the primary legatee, the gift over to the children failed. But there is a class of cases where, under clauses not very dissimilar, the gift has been held to be an original, independent gift, and the children were considered as comprehended concurrently with the other class of legatees.

Thus, in the case of *Tytherleigh* v. *Harbin*, 6 Simons' (Chancery) Reports, 329, the estate was devised in trust for R. T. during life and, after his decease, to be conveyed "unto or amongst all and every and such one or more of the child or children of the said R. T. who shall be living at the time of his decease, and the issue of such of them as shall be then dead, leaving issue, such issue to take equally between them the share only which their parent would have been entitled to if then living."

The issue of a child of R. T., who was dead at the date of the will, claimed to be included in the devise; and the Vice Chancellor, SHADWELL, held them entitled, remarking, among other things, as follows: "In this case there is an original substantive gift to the child or children of R. T., living at the time of his decease, and the issue of such of them as should be then dead, leaving issue, and I think the word 'them' means nothing more than child or children," and he must have held that the subsequent language—"such issue to take between or amongst them the share only," &c., was designed merely to show what share the issue of a deceased child were to take, and that it did not make the gift substitutionary in its character. It is apparent that there is little in the language of the bequest here to distinguish it from *Waugh* v. *Waugh*, (which was cited in argument,) where a different result was reached, and the Vice Chancellor observed that, "that decision might have been supported on the ground that the testator, by making a separate provis-

ion for the claimant, (as he in fact did,) had shown an intention to exclude her from any share in the legacy" of stock.

*Rust* v. *Baker*, 8 Sim., 443, was where a testator gave a share of his residuary personal estate to "A, B, and C, and all and every other, the children of D, *and the issue of such of his children as should have departed this life.*" Under this clause the issue of a child of D's, who had been abroad without being heard from long enough to be presumed to be dead at the date of the will, were held entitled to share.

So, in *Bell* v. *Beckwith*, 2 Beavan, 308, where the trust was for "all and every the children of J. B., deceased, to be equally divided amongst them, and the issue of such of them as should be deceased, share and share alike, *such issue to be entitled to the share of his, her, or their deceased parents, equally amongst them,*" the bequest was held to include a grandchild of J. B., whose parent was dead when the will was made, the Master of the Rolls considering that the effect of the latter words was merely to limit the amount of the share to which the issue were entitled, not to show that they were to take only by way of substitution.

In *Clay* v. *Pennington*, 7 Sim., 370, the residuary fund was bequeathed by the testator "unto the children of his brother B, *and their lawful issue,* in equal shares and proportions," and the issue of some of B's children, who were dead at the date of the will, were held entitled to share with the other children and their issue.

See also the recent case of *Lamphier* v. *Buck*, Am. Law Register, New Series, vol. 5, p. 224, for language which was held to import a gift, original and not substitutionary, to the issue of deceased nephews and nieces.

And even where the clause relied on to support the claim is one of substitution merely, courts will avoid, if possible, a construction which will prevent the issue of a deceased child from sharing in what was apparently designed to be a general family provision.

Thus, in *Jarvis* v. *Pond*, 9 Sim., 549, the testatrix, after giving the residue of her property to Mary, one of her daughters, for life, proceeded as follows : — "and after her decease I will that the said property be equally divided amongst such of my sons and daughters as may be living at the decease of the said Mary ; and, in case of the decease of any of my said sons or daughters, the surviving children of any of my sons or daughters *to have their father's or mother's part.*" Besides sons and daughters who survived her, the testatrix had had a son and daughter who were dead at the date of the will leaving children, and it was held that these children were entitled to shares of the residue, although, according to the rule acted on in *Christopherson* v. *Naylor* and *Waugh* v. *Waugh*, their father's or mother's part would have been *nil* and theirs consequently the same.

But it should be remarked that they were the lineal descendants of the testatrix — *secus*, in the other two cases just named, and in the case at bar. Was the gift by Elizabeth Allan to "the heirs of the body" of her brothers' sons and daughters, original, or by way of substitution ?

Plainly, we think, referring to the cases before cited, as guides, it was an original independent gift *to them.* She seems to have regarded with equal favor her nephews and nieces and the heirs of their bodies, only providing that "in case of the failure of heirs of the body of any or either of them, the share of such deceased one, without issue, should be divided among those who shall survive and the heirs of their bodies respectively, share and share alike."

Under such a clause, the children of a nephew or niece who was dead at the date of the will, are collectively entitled to a share in the residuary estate, in like manner as the nephews and nieces themselves, or the heirs of the bodies of those who may have died since the will was made.

*Defendant defaulted.*

Appleton, C. J., Cutting, Kent, Dickerson and Tapley, JJ., concurred.