JANE WILBER BRONSON *v.* TIMOTHY P. PHELPS'S ESTATE. A. P. HODGES, AND OTHERS (CHILDREN OF CLARISSA HODGES).

*Will, Construction of.*

The testator gave an annuity of $200 to his sister, and directed $3,300 to be paid at her death to her children " and their representatives, if deceased, excepting " W. At the date of the will, eight of the sister's children were living, and two deceased, one of whom was the mother of W. and the plaintiff; *Held,* that it was clearly not the intention of the testator to exclude the issue of the two persons deceased; and that the plaintiff was entitled to share in the bequest as a primary legatee.

APPEAL from a decree of the Probate Court. Heard by the court, September Term, 1885, TAFT, J., presiding. Decree of the Probate Court affirmed.

The case is stated in the opinion.

*A. P. Hodges,* for the defendants.

It is clear that the testator, by the words " children of the said Clarissa," meant the then *living* children.

The clause, under which the petitioner claims, constitutes a bequest to a class, and the law, as settled in every State where the question has been adjudicated, fixes the time when those constituting the class are to be ascertained; and this long settled rule of law excludes the petitioner, as her mother died long before the will was made, and thus was never a member of the class. 2 Jar. Wills, 55; 2 Red. Wills, 9; *Gross' Estate,* 10 Pa. St. 360; *Sorver* v. *Berndt,* 10 Pa. St. 213; *Phelps* v. *Phelps,* 28 Barb. 121; *Kilpatrick* v. *Johnson,* 15 N. Y. 322; *Satterfield* v. *Mays,* 11 Humph. 58; *Davidson* v. *Dallas,* 14 Ves. 576; 9 Jac. Fish. Dig. 13963; *Parker* v. *Tootal,* 11 H. L. Cas. 143, 163; R. L. s. 2224.

*C. W. Witters*, for the petitioner.

The only question is whether the testator intended to include the petitioner.

The excepting clause, as to George Wilber, removes all questions as to the testator's intention; but if that had been omitted, the authorities say the petitioner is entitled to take as her mother's representative. 9 Jac. Fish. Dig. 13970; 10 Id. 17042.

The opinion of the court was delivered by

WALKER, J. Timothy P. Phelps, late of Milton, died in 1864, leaving a will dated October 8, 1863, which was duly probated.

The questions presented for decision arise under the following clause of said will, to wit: "I give to my sister Clarissa Hodges, the sum of two hundred dollars annually, during her life, for her sole and separate use, to be paid to her by the said George Whittemore, or the legal owner or occupant of that part of my home farm situate in said Milton, and I make the payment of the said last mentioned annuity a charge upon the said part of my home farm situate in said Milton.

"And at the decease of the said Clarissa. I give to the children of the said Clarissa and their representatives, if deceased, excepting George Wilber, the sum of three thousand three hundred dollars, to be paid to the said children in the same manner as said last mentioned annuity, and in a like manner of said annuity to constitute a charge upon that part of said home farm situate in said Milton."

Eight of said Clarissa Hodges's children were living at the date of said testator's will. Two of her daughters had died before that date, leaving issue, namely; Caroline Hodges Romaine, who died seventeen years before said will was made, leaving one child named Clarissa Romaine; and Sophia Hodges Wilber, who died fourteen years before said will was made, leaving three children, to wit; Wallace

Wilber, George Wilber, and Jane Wilber, the petitioner in this case, all of whom are mentioned in said will. Clarissa Hodges died in March, 1883, leaving the eight children who were living at date of the will, or their representatives, and the representatives of the two daughters who were deceased at the date of said will.

In 1883, the Probate Court, on due application, decreed, that, if the said Clarissa deceased leaving lawful children or their representatives, the legal owner or occupant of that part of the home farm of said Phelps, situated in Milton, shall pay to said children, or their representatives, the sum of $3,300, and that the payment thereof shall be a charge on that part of said farm situated in Milton. Which decree, on appeal and exceptions, was, in 1884, affirmed by the Supreme Court. The legal owner or occupant of said farm failed to pay said sum of $3,300, and surrendered said farm to the children and heirs of said Clarissa, under and by virtue of said will and decree.

In 1885, Jane Wilber, in the name of Jane Wilber Bronson, she having married, brought her petition to the Probate Court, setting forth therein, that as one of the representatives of Sophia Hodges Wilber, a daughter of said Clarissa Hodges, she is entitled to one-twentieth part of said farm, and praying the court to make such decree as will secure to her her right in said premises. Said Probate Court adjudged and decreed that said Jane Wilber Bronson was entitled to share with the children of said Clarissa Hodges, and the other representatives of her deceased children, except George Wilber, in that portion of said Phelps' estate which he willed to them under the foregoing clause of his will. The defendants appealed from said order of Probate Court to the County Court, which court affirmed the order and decree of the Probate Court, and the question is now before this court, on exceptions to the judgment of the County Court.

The defendants, the eight children of said Clarissa, who

were living at the date of said Phelps' will, and their representatives, contend that the representatives of Sophia Wilber and Caroline Romaine, the two daughters of said Clarissa, who died before the date of said will, are not entitled to share in said bequest, and claim that said bequest is a gift to a class living at the date of the will and the representatives of such of the class as are dead at the time of payment and that the representatives take not by way of original substantive gift but by way of substitution, and that none are capable of taking by way of substitution except such as represent members of the class who could have taken as original legatees at the date of the will.

But the petitioner does not found her claim to share in the bequest on a right to take her portion of a share which was given to her mother and which her mother was capable of taking at the date of the will, but on the ground that she is entitled as an original primary legatee, to her portion of such a share of the bequest as her mother would have taken if she had been capable of taking at the time of the payment or enjoyment of the bequest.

It is not questioned that the words, "their representatives," are used for and mean their *issue* and have reference to certain issue of Clarissa's children, so far as they take under the clause of the will. And the question is whether under the words, "at the decease of said Clarissa, I give to the children of the said Clarissa and their representatives, if deceased, excepting George Wilber," the issue of the children of Clarissa, who died before the making of the will, are included as objects of the gift.

The answer to this question depends upon the construction given to the language of the bequest.

The cardinal rule in the construction of wills is the intent of the testator; and that intent must prevail if it can clearly be perceived from the will and is not contrary to some positive rule of law.

It is apparent from the other provisions of the will, that

there was no intention on the part of the testator to exclude the issue of the children of Clarissa, who were deceased when the will was made, from sharing in his estate, excepting George Wilber, one of the brothers of the petitioner, to whom he gives no specific, pecuniary, or residuary legacy, and whom he expressly excludes from sharing in the bequest in question.  In another clause of the will he gives pecuniary legacies to Wallace Wilber and Clarissa Romaine; and also in another clause he gives an annuity to Jane Wilber, the petitioner, who was a member of his family after the death of her mother, and sixteen hundred dollars to her heirs at her death, if she shall have children born in lawful wedlock.

The $3,300 given under the clause in question are to be paid to and divided among the class taking at a time subsequent to the death of the testator, to wit; at the decease of Clarissa.

It is the general rule of construction that words of survivorship in bequests of personal estate are to be referred to the period of division and enjoyment, unless there is a special intent to the contrary; and legacies given to a class of persons vest in those who answer the description and are capable of taking at the time of distribution, or when the legacy takes effect.  They who thus answer the description are deemed to be the objects of the gift.

The testator knew of the death of Sophia Wilber and Clarissa Romaine at the time he made his will and that they had left children surviving them ; and it is very evident that if he had intended to exclude their issue from sharing in the bequest, he would not have used the general language adopted by him in making it.

If he had intended to limit the gift to the children of Clarissa living at the date of his will, and their particular representatives, he would have used words apt to such a limitation, and made the bequest to the children living at that time, and to the representatives of such of the *then* living

children as shall decease before the time of enjoyment, thereby making it an original gift to the living children, and a substitutional one to their issue.

The general words of the bequest must receive their ordinary interpretation, and be read in their ordinary sense and meaning unless some other is clearly indicated. As there are no expressions in this or any other clause of the will showing any intent of the testator to use the words, conferring the bequest, in a narrow or restricted sense, they cannot be construed as a limitation to the living children and the issue of such. Without any studied effort to restrict its meaning, the language used indicates that the testator contemplated all her children and both future and past deaths of such children and an ascertainment at a future period of distribution of those who might then be dead and a consequent provision for their issue, if any ; and that necessarily would include among objects of the gift, the issue of such of her children as were dead at the date of .the will. The words of the clause, referred to, all taken together show that the testator had in mind Clarissa's deceased children and their representatives, and intended that her said representatives, excepting George Wilber, should share in the bequest as objects of the class to whom the gift was primarily made. If not so, it may well be asked, why did he expressly exclude George Wilber alone ? The exception of one of said issue has irresistible weight and force in reaching the conclusion that the testator intended the bequest as a gift to all the children of Clarissa living at her decease and to the issue of such of her children as had then deceased, excepting George Wilber, as a class, intending the issue of each deceased child to take such share as their parents would have taken if capable of taking.

The words, " their representatives, if deceased," are connected by the copulative conjunction " and " with children, showing that the representatives and children are embraced as a class to whom the gift was primarily made, and that

the gift was clearly intended to include the representatives of all her deceased children at the time of enjoyment without regard to whether they died before or after the date of the will. The word *their* refers to *all* of Clarissa's children and not to those only who were living at the date of the will.

The words of the clause following the gift, "to be paid to said children," etc., are not to be construed as limiting the bequest to *living* children of Clarissa, but as indicating that the bequest is to be divided among the legatees according to the number of children, and families of deceased children, who are entitled to take; so that the issue of any deceased child would take, amongst them, the share only which their parent would have been entitled to, if living at the time of distribution.

We think the bequest clearly falls within the rule of a gift to such of a class as shall be living at a stated time, or their issue, and is therefore to be construed as introducing the issue of such of the class as at the time stated for the enjoyment shall be dead, and this by way of addition to the class and not by way of substitution, and thus admitting the issue of persons dead at the date of the will, excepting those expressly excluded. 3 Jar. Wills, 632, 636; *Adams* v. *Adams*, L. R. 14 Eq. Cas. 246; *Wheeler* v. *Allen*, 54 Me. 232.

And we are of the opinion that the bequest is an original substantive gift to the children of Clarissa living at the time of her decease, and the issue of such of them as should be then dead, leaving issue, excepting the one expressly excluded. And that the issue of Sophia Wilber and Caroline Romaine, excepting George Wilber, are entitled to share in the bequest as primary legatees, taking the share their mothers would have taken if living.

The leading cases in England and America support this conclusion.

In *Tytherleigh* v. *Harbin*, 6 Sim. 329, where a testator devised an estate to trustees in trust for R. T. for life, and at

his decease to convey the same "unto or amongst all and every of such one or more of the child or children of the said R. T. who shall be living at the time of his decease and the issue of such of them as shall be then dead leaving issue," the question was whether the issue of a child of R. T., who was dead at the date of the will, were included in the devise, and Sir L. SHADWELL, V. C., decided that the gift included these objects; and that the devise was an original substantive gift to the children of R. T. living at the time of his decease, and the issue of such of them as should be then dead leaving issue.

In *Clay* v. *Pennington*, 7 Sim. 370, where a testator in a certain event bequeathed a residuary fund unto the children of his brother B, and their lawful issue; some of the children of B. were dead at the date of the will, but it was held that the issue of such children were entitled to participate with the other children and their issue, it being considered that the gift included all the descendants of the brother who were living at the period in question.

In *Rust* v. *Baker*, 8 Sim. 443, where a testator gave a fraction of his residuary personal estate to A, B, and C, and the children of D, and the issue of such of his children as should have departed this life; long before the date of the will, D had had a child, who went abroad, and had not been heard of for twenty years. It was held that he must be presumed to have been dead at the date of the will, and that his children were entitled under the bequest. In *Bebb*. v. *Beckwith*, 2 Beav. 308, under a similar bequest it was held that the issue of a child dead at the date of a will were entitled to share in the same.

In *Teed* v. *Morton*, 60 N. Y. 502, the proceeds of certain real estate at the death of the testator's son, William, without issue, were to be paid to and divided equally among the surviving children of the testator and the issue of such of them as may have died leaving issue, such issue to take the share their parents would have taken

if living. At the time of the execution of the will, and at the time of his death, the testator had five children living, and the issue of five children who had previously died were also living. William died without issue after the death of the testator. Four other children of the testator, who survived him, died, leaving issue, before the death of William. And the question was, whether, under the words "my surviving children, and the issue of such of them as may have died leaving issue," the issue of the children of the testator who died before the making of the will are included. The court held that the issue of the testator's deceased children living at the death of his son William took as primary legatees, under the clause in question, without distinction as between those whose parents died before and those who died after the making of the will. And that the word "them" referred to all his children and not to the surviving children only.

Was there any doubt as to whether this bequest was an original and independent gift to the children of Clarissa living at her decease and the issue of any children who had deceased before that time, whether before or after the date of the will, and if the petitioner's claim was apparently founded upon mere substitution, her right to share in the bequest as the representative of her deceased mother is substantiated by numerous authorities. Observing the rule, that in the construction of wills the intentions of the testator must prevail, if they are conformable to the principles of law, and that the language used should receive its ordinary interpretation and so far as possible effect be given to each distinct provision, courts anxiously lay hold of every expression as a ground of avoiding a construction which may defeat the testator's intention, by excluding the issue of a deceased child from participating in a general family provision. The impression made in reading this bequest in connection with the other provisions of the will is, that the testator intended it as a family provision for

all the children of Clarissa and their representatives if deceased at the time of her decease, except her grandchild, George Wilber. This exception indicates very strongly that the testator had in view the issue of the children of Clarissa, who were deceased at the time of the making of the will. The exception of one *only* shows that he intended to include the other issue of said deceased children among the objects of the bequest, and such intention must govern. It is decisive.

In *Giles* v. *Giles*, 8 Sim. 360, a testator bequeathed the general residue to trustees, in trust for all his children living at the decease of his wife, and if any such children or child should be deceased before his wife and should leave issue, then the children of such his son or daughter should be entitled to the portion of such his son or daughter who might be deceased before the decease of his wife, with a proviso, that, until the portions thereby provided for any of the said children of his said sons or *daughters* who might have died before their mother, should become vested, it should be lawful for his trustees to apply the interest of the portion for the maintenance of the child entitled in expectancy. The testator at the date of his will had four sons and one daughter living, and he had had another daughter who was then dead, leaving children. The question was, whether these children of the deceased daughter were objects of the bequest, and Sir L. SHADWELL, V. C., decided that they were, relying on the expression "sons and daughters," which he considered to indicate that the testator had the issue of the deceased daughter in his view, he having but one daughter living at the date of the will. *See* also *Jarvis* v. *Pond*, 9 Sim. 549; *In re Sibley's Trusts*, L. R. 5 Ch. D. 494; *Gowling* v. *Thompson*, L. R. 11 Eq. 366 *n*.

These cases are strong authorities showing that the intention of the testator as evidenced by the will, is controlling in construing the language used by the testator

in making a bequest, and must govern in determining who are the objects of it.

The judgment of the court is that the judgment of the County Court affirming the decree of the Probate Court is affirmed, and the same is ordered to be certified to the Probate Court.