Lentz Estate.

Argued March 13, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Herbert O. Schaeffer,* for appellants.

*Maurice R. Metzger,* with him *Metzger & Wickersham,* and *Thomas C. Zerbe,* for appellees.

OPINION BY DITHRICH, J., July 20, 1950:
Gertie R. Lentz died, testate, without issue, on September 14, 1947. Her will was probated, letters c.t.a.

were granted, and in due time an account was filed. As stated in the opinion of the learned president judge of the lower court:

"In order to understand the issues it is necessary to outline some facts which are not in dispute.

"The will of the decedent was executed on the (blank) day of November, 1912. At that time the decedent had a husband living and six living brothers and sisters. She also had a sister who was then deceased but who had one son, then living. Almost thirty-five years later the testatrix died without having changed her will. Her husband and all of her brothers and sisters were then dead. She was, however, survived by the issue of deceased brothers and sisters. The closest surviving relatives were nephews and nieces, but there were also surviving issue of deceased nephews and nieces.

"The will gave the husband a life estate in all of the property of the decedent with a limited power to consume. Upon his death, all property was to be converted into cash. The will then provided:

"'. . . the fund so arising from both personal and real estate to be commingled and the same after all proper expenses be paid, to be equally divided and distributed to and among my brothers and sisters or to the issue of such as then may be dead.' "

The accountant proposed to distribute the fund per capita among the nephews and nieces and per stirpes among the issue of deceased nephews and nieces. Exceptions were filed by the issue of Elizabeth Reigle Sheetz, a sister who died prior to the date of the will, and by nephews and nieces of decedent, children of a brother of decedent who was living at the time the will was executed. The court entered a decree sustaining the exception filed by the issue of the sister who died prior to the date of the will and dismissing the other exception. The decree will be affirmed.

Appellants contend that the gift of the fund realized from the sale of testatrix's property in equal parts "to and among my brothers and sisters or to the issue of such as *then* may be dead" is a gift to a class, and consequently only the brothers and sisters of testatrix who were living between the date of the will and the death of the testatrix, or their children in case of their death, would be entitled to share.

They readily agree that under the authority of *Minter's Appeal*, 40 Pa. 111, a testator may make disposition of his estate which will entitle the children of a deceased brother and sister to take the share bequeathed to such deceased brother and sister where the bequest is to *named* beneficiaries. But, as clearly and aptly pointed out by RICHARDS, P. J., of the court below:

"When the will was written the testatrix knew that she had living brothers and sisters. She knew that one sister was then dead survived by a son. She knew that much time might elapse before her own death and the death of her husband who was the primary object of her bounty. She knew that through the intervening years, at least some of her brothers and sisters might die, with or without issue. She provided for this contingency by making an equal distribution among brothers and sisters, and by providing that the issue of a deceased brother or sister should take the share of *such* deceased. The word 'issue' is significant. It restricts the gift to the line of each individual brother and sister. In other words, the children or grandchildren of a particular brother or sister are not the issue of another brother or sister, and consequently may not take the share of such other. Their right to any gift is circumscribed by the word 'such' and by the word 'issue'. The word 'such' refers to the particular brother or sister who may be dead at the time of distribution. This is expressed in the will by the phrase 'such as then

may be dead'. The share of such a one is given to the issue of that one, or as the will puts it, 'to the issue of such as then may be dead'. We think this very clearly expresses an intent to treat brothers and sisters equally by making a per capita gift to them, and by giving the share of any deceased brother or sister to his or her issue."

In *Fahey Estate,* 360 Pa. 497, 61 A. 2d 880, the latest decision of the Supreme Court—there are numerous others, beginning with *Sorver v. Berndt,* 10 Pa. 213—establishing the correctness of the construction adopted by the learned court below, the Court, in an opinion by Mr. Justice JONES, said (p. 503) : "As was said in Mayhew's Estate, 307 Pa. 84, 91, 160 A. 724,—'Apart from anything else, the justice of a per stirpes distribution cannot be denied.' " In the latter case the Court said (p. 91) : ". . . it may be safe to lay down as a rule of construction that 'issue' prima facie is a word of purchase, and, in the absence of a contrary intention, children do not take concurrently with their parents but the division is per stirpes."

In *Minter's Appeal,* supra, although the will made no direct provision for the children of a sister who was deceased at the time the will was made, they nevertheless were held to be entitled to take the deceased parent's share. In the instant case direct provision *was* made for the issue of the deceased sister of the testatrix, since, after providing for her brothers and sisters, she added the words "or to the issue of such as then may be dead."

Decree affirmed; costs to be borne by the estate.