CLARK ET AL., TRUSTEES, *v.* CUSHING ET AL.

[Cite as Clark, Trustee, v. Cushing, 6 Ohio Misc. 75.]

(No. 678921—Decided January 7, 1966.)

Probate Court, Cuyahoga County.

*Messrs. Jones, Day, Cockley & Reavis,* for plaintiffs, Robert J. Clark and Herbert K. Oakes, Trustees under the Will of Florence W. Cushing, and legatees thereunder.

*Mr. William B. Saxbe,* attorney general, and *Mrs. Neva H. Werts,* for defendant, state of Ohio.

ANDREWS, Chief Referee. The present trustees of a testamentary trust established pursuant to the will of Florence W. Cushing bring this action seeking a declaratory judgment and the direction of the court with reference to the distribution of the trust estate. The issue before the court relates to class gifts and more particularly to the construction of a provision for substitutional beneficiaries in case of the death of a person within the class description.

Mrs. Cushing, the testatrix, executed her will on August 9, 1932, and died on August 27, 1937.

By item Two of her will, the testatrix created the trust which

is the subject of this action. The trust property consisted of a future interest in certain real estate located in Cleveland, Ohio. In 1939, after the termination of prior life interests, the property was conveyed to the then trustees of the Florence W. Cushing testamentary trust, and constituted the trust corpus. In 1953, in the exercise of powers given to them by Item Two (a) of the will, the trustees sold the trust property and invested the proceeds in securities, and securities now constitute the corpus of the trust.

By Item Two (a) the trustees were directed to pay all the net income of the trust to Mrs. Cushing's daughter, Cornelia C. Peterson, during her lifetime, and after her death to her children or their issue until the occurrence of a designated event.

Item Two (b) provides for the distribution of the trust property among Mrs. Peterson's surviving children and the issue of any deceased child.

Mrs. Peterson died on March 12, 1965, leaving no child or issue. Item Two (b) directs that under such circumstances, the trust property shall be conveyed by the trustees ''as follows.''

There follow three undesignated subparagraphs.

The first gives an undivided one-third ''thereof'' to Carolyn Cushing for her life, and after her death ''to my nephews and nieces as hereinafter stipulated.''

The second subparagraph directs the trustees to convey one-half of the trust property, subject to the foregoing life interest of Carolyn,

''to the children of Dr. Harvey Cushing, now of Boston, Massachusetts, in equal shares, but the share of any deceased child of said Dr. Harvey Cushing shall pass to said deceased child's heirs.''

By the third subparagraph, the other one-half of the trust property, subject to Carolyn's aforesaid life interest, is to be conveyed ''to my nephew Dr. Edward Harvey Cushing,'' or in case of his prior death, to his heirs.

Carolyn Cushing predeceased Cornelia Peterson. Consequently, the provisions in favor of Carolyn are of no effect.

Dr. Edward Harvey Cushing is living and is named as a defendant.

Dr. Harvey Cushing, referred to in the second subparagraph above, died on October 8, 1939, a resident of New Haven,

Connecticut. He had five children, four of whom are living and are named as defendants.

His other child, William Harvey Cushing, died on June 12, 1926, more than six years before the date of Florence W. Cushing's will. At the time of his death, William Harvey Cushing was twenty-two years of age and domiciled in Brookline, Massachusetts. He died intestate, and left no wife or issue surviving him.

He was survived by his father, Dr. Harvey Cushing; by his mother, Katherine Crowell Cushing (Mrs. Harvey Cushing); and by his three sisters and one brother, Mary Cushing Fosburgh, Barbara Cushing Paley, Betsey Cushing Whitney, and Henry Kirke Cushing.

Katherine Crowell Cushing died on May 8, 1949, a resident of New York, New York. Both Dr. and Mrs. Harvey Cushing (Katherine Crowell Cushing) died testate, and their estates have been fully administered.

Plaintiffs are in doubt about the proper construction of Florence W. Cushing's will in so far as distribution of the trust property is concerned. They believe that the trust property should be distributed one-half to Dr. Edward Harvey Cushing and one-eighth to each of the four surviving children of Dr. Harvey Cushing. However, plaintiffs state that they cannot safely proceed without the direction and judgment of this court with respect thereto. In their prayer, plaintiffs ask the court's direction and judgment as to the persons to whom and the proportions in which the trust assets should be distributed, and they particularly ask for distribution in the manner indicated above.

The answers of Dr. Edward Harvey Cushing and of Dr. Harvey Cushing's four children admit all the allegations of the petition and join in the plaintiff's prayer.

Although the first subparagraph under Item Two (b) applies only to an undivided one-third of the trust estate, and the contemplated life estate in favor of Carolyn Cushing never came into being because of her prior death, the language therein relating to the remainder of the undivided one-third throws some light upon the intention of the testatrix. That language is: "and after her death to my nephews and nieces as hereinafter stipulated."

Each of the two succeeding subparagraphs deals with one-half of the trust estate, subject to Carolyn Cushing's life interest in an undivided one-third, which life interest, as we have seen, was nonexistent. And each of these two subparagraphs implements the clause "to my nephews and nieces as hereinafter stipulated."

As previously noted, the second paragraph gives one-half "to the children of Dr. Harvey Cushing * * * in equal shares, but the share of any deceased child of said Dr. Harvey Cushing shall pass to said deceased child's heirs."

The third subparagraph gives the other one-half "to my nephew, Dr. Edward Harvey Cushing, or in case of his prior death to his heirs."

So far as this third subparagraph is concerned, there is no problem. Dr. Edward Harvey Cushing is alive and is clearly entitled to one-half of the trust estate.

The situation with reference to the second subparagraph is not so easy.

A bequest "to the children of" a named person is a class gift. Such a bequest does not include within the class a child who died before the execution of the will. See 3 Restatement, Property, Section 296 (1) (a) and Comments, especialy Comment d and Illustration 2 thereunder (1940); Simes and Smith, Future Interests, Section 661 (2 ed. 1956). Under this well-recognized rule, William Harvey Cushing is not considered a member of the "class" despite the fact that he was one of the "children" of Dr. Cushing.

However, as already noted, the bequest contains the additional clause:
"but the share of any deceased child of said Dr. Harvey Cushing shall pass to said deceased child's heirs."

Unfortunately, the draftsman of the will failed to set forth in this clause whether or not the heirs of William Harvey Cushing, who, by reason of his death prior to the making of the will, was not a member of the class, were to be included in the substitutional or alternative bequest to heirs.

Professor A. James Casner points out the frequency of such an omission and the difficult constructional problem resulting therefrom. Casner, Class Gifts—Effect of Failure of Class Member to Survive the Testator, 60 Harvard Law Review 751,

765 *et seq.* (1947). Professors Simes and Smith refer to the question as "most troublesome," and they and Professor Cas-ner point to the confusion and inconsistency in the cases. Simes and Smith, Future Interests, Section 665 (2d ed. 1956); Casner, *supra,* 765 *et seq.* For a discussion and criticism of the English rules, which attempt to distinguish between "substitutional" and "original" bequests, and which have been adopted by some courts in the United States, see Simes and Smith, *supra,* Section 665; Casner, *supra,* 765 *et seq.*

In the absence of any manifestation of an intent one way or the other, courts are compelled to fall back upon presumptions, or, as the Restatement of Property calls them, "constructional preferences." In almost all the many reported cases which I have examined, the gift over is to children, issue, or the like, rather than to heirs, as in the present case.

Out of the confusion, the Restatement of Property has fashioned the following rule:

"When a 'possible taker' under the terms of a testamentary limitation in favor of a class described as 'children' * * * of a designated person dies before the testator, then, unless a contrary intent of the testator is found from additional language or circumstances, a further provision in such will limiting a substituted gift 'as to the share of a member of the described group who dies,' or in words of similar import, is applicable with respect to the share of such person only if he dies after the execution of the will." 3 Restatement, Property, Section 297 (1940).

*Comment a* under the above section gives the rationale of the rule, and *Comment d* emphasizes that it is only a rule of construction, which gives way to an adequately manifested contrary intent.

Among cases supporting this rule of construction are the following: *In re Cochran's Estate* (1913), 10 Del. Ch. 134, 85 Atl. 1070 (in which, however, in addition to announcing the rule, the court pounced upon a couple of particular words as indicative of the testator's intent); *Moffett* v. *Moffett* (1930), 131 Kan. 546, 292 Pac. 942; *In re Turner's Will* (1913), 208 N. Y. 261, 101 N. E. 905; *In re Cohen's Estate* (Surr. 1952), 116 N. Y. S. 2d 333; *In re Weber's Estate* (1944), 155 Pa. Super. 403, 38 A. 2d 362.

In the *Cohen case, supra,* at page 335, the court pointed out that if the ancestor of the issue could not take under the primary gift, there is no interest or share as to which the issue may be substituted. The court mentioned, however, that there is a marked disinclination to apply the rule if the effect would be to disinherit direct lineal descendants of the testator. In our case, as in *Cohen,* direct lineal descendants are not involved.

Professor Casner apparently believes that the constructional preference should be exactly the opposite from that adopted by Section 297 of the Restatement of Property. He sees no good reason for assuming that the average testator would choose among the issue of the primary group on the basis of the time of death of a person otherwise within the class primarily described. He thinks that in the absence of some specific factor throwing light upon the problem, it should be assumed that the testator intended to benefit the issue of *all* the deceased people within the class description, regardless of when they died. In his opinion, the cases which proceed upon this assumption are on the sounder ground. Casner, Class Gifts— Effect of Failure of Class Member to Survive the Testator, 60 Harvard Law Review 751, 769-770 (1947); 5 American Law of Property, Section 22.53, pp. 407-408 (1952).

It is difficult to isolate cases based solely on a constructional preference. More often than not, the court is able to seize upon some word or phrase, or upon some evidential circumstance, giving at least an inkling of the testator's intent. See, for example, the following cases where the issue of a person who died before the execution of the will were *excluded: Palmer* v. *Dunham* (1890), 125 N. Y. 68, 25 N. E. 1081; *In re Morrison's Estate* (1891), 139 Pa. 306, 20 Atl. 1057; *Tiffany* v. *Emmet* (1902), 24 R. I. 411, 53 Atl. 281; *Dozier* v. *Able* (1962), 241 S. C. 358, 128 S. E. 2d 682.

And for some cases where, likewise by reason of special language or circumstances, the issue of such deceased person were *included,* see: *Stanley* v. *Stanley* (1928), 108 Conn. 100, 142 Atl. 851; *Lincoln National Bank & Trust Co.* v. *Grainger* (1935), 129 Neb. 451, 262 N. W. 11; *Teed* v. *Morton* (1875), 60 N. Y. 502; *Lentz Estate* (1950), 167 Pa. Super. 377, 74 A. 2d 691; *Bronson* v. *Estate of Phelps* (1886), 58 Vt. 612, 5 Atl. 552.

Among cases consistent with Professor Casner's viewpoint,

and therefore, in effect, taking a position opposite to that adopted in section 297 of the Restatement of Property, see: *Anderson* v. *Wilson* (1912), 155 Iowa 415, 136 N. W. 134; *Brooks* v. *Carter* (1875), 118 Mass. 407; *Outcalt* v. *Outcalt* (1887), 42 N. J. Eq. 500, 8 Atl. 532 (beneficiaries were *lineal descendants* of testator, but decision was not based on that point); *Enz* v. *Bowan* (1925), 98 N. J. Eq. 514, 131 Atl. 159 (announcing rule, but basing decision principally on special circumstances); *Gardner* v. *Knowles* (1927), 48 R. I. 231, 136 Atl. 883 (complicated somewhat by a special circumstance).

These cases support the proposition that the constructional preference should be to *include* rather than *exclude* the issue of the person who died before the execution of the will.

No binding Ohio precedent has been found by either counsel or court. In *Richey* v. *Johnson* (1876), 30 Ohio St. 288, the factual situation was present, but the point was not raised or discussed. In *Teagle* v. *Teagle* (Cuyahoga County 1909), 17 Ohio Cir. Ct. (N. S.) 538, 42 Ohio Cir. Ct. 276, a person within the description of the class had died before the execution of the will. His child was allowed to take. However, there was special language pointing toward such an intent; moreover the court did not discuss the legal principles involved, nor cite any authority.

In the present case, it is unnecessary for me to adopt either of the constructional preferences discussed above. While much may be said in favor of Professor Casner's constructional preference in a case where the person deceased before the making of the will leaves children or issue, or even, perhaps, a wife, it seems to me that in the instant case, the circumstances indicate an intent by the testatrix to omit the heirs of William Harvey Cushing as substitutional beneficiaries.

Perplexing problems may arise in connection with bequests to the "heirs" of a designated person, which would include the heirs of those described as a class. For instance, the following questions are likely to arise. Where more than one state is involved, which state's law governs? As of what time are the "heirs" to be ascertained? What happens if the law of the state has changed? Must the "heirs" survive to the date of distribution? See 5 American Law of Property, Sections 22.56-

22.61 (1952); 3 Restatement, Property, Chapter 23 (1940); Simes and Smith, Future Interests, Sections 728-737 (2d ed. 1956); Casner, Construction of Gifts to "Heirs" and the Like, 53 Harvard Law Review 207 (1939); 33 A. L. R. 2d 242 (1954).

Indeed, there are numerous cases where the word "heirs" has been construed as "children" or "issue." Simes and Smith, *supra*, Sections 729, 730. I do not believe that we may so construe the word "heirs" in Mrs. Cushing's will, because in other parts of the will, the draftsman has used the words "children" or "issue." See Items Two (a) and (b). There must have been an intention to differentiate between those words and the word "heirs."

Fortunately, we are spared the task of deciding the complex questions about the word "heirs," because, in the last analysis, whatever law governs the ascertainment of the "heirs" of William Harvey Cushing, they must have been either his mother and father, Dr. and Mrs. Harvey Cushing, or his sisters and brother.

Assuming that under the "proper" law, the heirs would have been Dr. and Mrs. Harvey Cushing, it is inconceivable that the testatrix, knowing of William Harvey Cushing's death without issue or wife more than six years before she made her will, intended to divide the class gift into five shares, one of which would go to Dr. and Mrs. Harvey Cushing as substitutional beneficiaries. Had she wished Dr. and Mrs. Harvey Cushing to receive a share of the trust estate, she could have so provided directly, and undoubtedly would have done so.

Moreover, testatrix must have realized that in the natural course of events, Dr. and Mrs. Harvey Cushing were likely to die long before the time for distribution of the trust estate. If, by the "proper" law, they were the "heirs" of William Harvey Cushing, and if testatrix intended that they share under the bequest in subparagraph two, *supra*, it would be necessary to reopen their estates and to ascertain from their wills the persons entitled to the property. I cannot believe that the testatrix intended her trust estate to be enmeshed in any such maze as this.

On the other hand, assuming that under the "proper" law, William's heirs were his sisters and brother, it is equally im-

plausible that testatrix intended to create five shares instead of four, for the fifth share would come right back to the four living children as William's heirs.

The only sensible conclusion is that by the clause, "but the share of any deceased child of said Dr. Harvey Cushing shall pass to said deceased child's heirs," the testatrix was referring only to the death of one or more of the four children of Dr. Harvey Cushing who were alive when the will was executed, and that she did not intend to include the heirs of William. I so hold.

In order to avoid any misunderstanding, I want to make clear that this opinion is not based upon either of the constructional preferences discussed above, and that I am not intending to choose one or the other of them. My decision is based solely on the point that the particular circumstances of the case manifest an intention on the part of the testatrix not to include the aforementioned heirs of William Harvey Cushing within the provision that the share of any deceased child shall pass to said deceased child's heirs. In addition, I express no opinion on what would be decided had William Harvey Cushing left children, issue, or a wife surviving him.

Conclusion of Law

The remaining assets of the testamentary trust established under Item Two of the will of the testatrix, Florence W. Cushing, shall be distributed as follows:

One-half to Dr. Edward Harvey Cushing
One-eighth to Mary Cushing Fosburgh
One-eighth to Henry Kirke Cushing
One-eighth to Barbara Cushing Paley
One-eighth to Betsey Cushing Whitney.

*Judgment accordingly.*