*221 Judge Wood stated the case, and delivered the opinion of the court:
The plaintiffs title, in this case, is derived from a deed made by the county auditor on a sale of land for taxes. The certificate of purchase was made to William Wetmore, who died before obtaining a deed. William Wetmore’s executor assigned the certificate to Edwin Wetmore, who assigned it to the lessor of the plaintiff, to whom the county auditor executed a deed.
The only question to be decided is, whether, upon the death of William Wetmore, this certificate passed to his heir, or to his personal representative. Although a court of equity regards a mortgage as personal property, and the money secured by it goes to the personal representative, yet there are special cases in which it is treated as real property that descends to the heir. Toller, 182; 2 Pow. M. 682, 698.
Charters and deeds, court rolls, and other evidences of title to land, as well as the chests in which they are kept, descend to the heir. Tol. 189 ; 3 Bac. Abr. 65 ; 4 Term, 229.
The certificate of purchase does not convey a legal title, but it is evidence of an equitable title to the land, and enables the purchaser to call in the legal title. And it savors so strongly of the realty that in our opinion it descends to the heir, and is not assets in the hands of the executor.
The act prescribing “ the duties of county auditors,” provides that such certificates shall be assignable' in law, and vest in the assignee, or his legal representative, all the right and title of the original purchaser.
The words “ legal representative,” used, as they are, in connection with the certificate of purchase, or evidence of realty, we construe to be the heir, to whom the realty descends.
It follows, then, that the heir only could legally transfer the certificate of purchase, and, consequently, no legal title is vested in the plaintiffs lessor, by the deed, which is predicated on a void assignment. Judgment for the defendant.