ELISE LOOS, by CECILE LOOS her Guardian, Appellant, *v.* THE JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Respondent.

*Insurance—Policy on Life—Representatives—Administration.*—In a policy of life insurance, providing that in case of death the sum insured shall be paid to the "heirs or representatives" of the party assured, the money will be payable to the heirs or next of kin, if it appear from the context that the object of the assured was to make provision for his family, and not that the money should go to his executors or administrators to be administered as ordinary assets of his estate.

*Appeal from St. Louis Circuit Court.*

*J. A. Beal,* for appellant.

The policy does not provide for the money to be paid to Loos' executors, administrators, or assigns. The usual words

used in policies are these particular ones, where the sum insured goes to the estate on death of the assured.—See forms adopted by insurance companies when the administrators take the insurance; Ang. on Ins. §§ 247, 277; Wayman v. Wayman, 12 Smith, (N. Y.) 253; 3 Kent, 439.

The word "heir" is taken to be the person who will by law of the State inherit—1 N. J. 347.

Where a policy was effected by a party for the benefit of his widow, and it was simply charged in the suit to be for her benefit without in so many words specifying in the policy to be for her benefit, the widow is the party to sue even though there is an executor—Meyers v. Keystone Life Ins. Co., 27 Penn. 268.

Upon the happening of a certain contingency such as death, the sum expressed to be payable to heirs is due to them and not to an administrator—3 Kent, 482; 28 Eng. L. & Eq. 312.

Kent says that a person may insure his life for the benefit of another in which he is interested, but in that case the policy must be assigned. In the case of insurance for heirs, it is not necessary to assign the policy to his heirs, as on his death it naturally goes to them—3 Kent, 482.

Wayman v. Wayman, 12 E. D. Smith, 253, the words in a policy were "pay to his executors, administrators and assigns"; in the case of Loos, before the court, the words are "heirs or representatives."

Courts often construe the word "representative".to mean heirs or consanguinity—2 Wm's Ex'rs, 973. See statutes for heirs, &c., construed; 3 Bro. C. C. 224–5; 2 Wm's Ex'rs, 950–1.

A testator directed the residue of his personal estate after the death of his widow to go to and be distributed to his legal representatives. Held to mean his next of kin according to the statute of distributions. So in Loos' case the word "representatives" in connection with "heirs" means next of kin—Booth v. Vicars, 1 Cool. 7; King v. Powell, 2 Cool. 262; 3 Vesey, 146; 2 Wm's Ex'rs, 933, 970–2; see pp. 12 & 13 to App. Ang. Life Ins.

If it appear that a covenant was made for the benefit of a party, he can sue in his own name. It is not necessary that his name should be used in express terms; he may be pointed out and designated in the instrument by the name of heirs—Chaplin v. Canada, 8 Conn. 286 ; Fellows v. Gilman, 4 Wend. 414, 419.

*Harding & Crane*, for respondent.

The respondent claims that under the facts the appellant could not sue ; that the demand against the respondent is a chose in action, which can be collected only by the executor or administrator of Louis Loos ; that when so collected the fund will become assets in the hands of such executor or administrator, subject to debts of the deceased ; and that payment by respondent to appellant would not discharge it from liability to the executor or administrator—Wms.' Ex'rs, 1st ed., 508-9, or p. 664 of 3d ed.

It is not contended that Louis Loos might not have insured his life for the benefit of his child, or of his wife, or other persons having an insurable interest, exclusive of any claims by his executors or administrators ; but it is contended that he did not do so in this instance. See act of March 19, 1866 (Sess. Acts 1865-6, p. 59, § 43, incorporated in G. S. 1865, p. 362, § 43), as to who has an insurable interest outside of creditors, &c.

Louis Loos insured for his own benefit. If he had lived fifteen years from the date of the policy, he could have collected the sum insured on himself, or after the delivery of the policy he could have assigned it to whom he pleased.

WAGNER, Judge, delivered the opinion of the court.

This was an action brought by the plaintiff on a policy of insurance.

It seems from the petition that Louis Loos had his life insured in the office of the defendant, by a policy dated April 4, 1866, in the sum of five thousand dollars, for the term of fifteen years. It was provided by the policy that the sum in

sured should be payable to said Loos, if he should be living at the expiration of the said term of fifteen years, or, in case case of his prior decease, " to his heirs or representatives." Loos died September 16, 1866, and his daughter Eliza brings this suit, as sole heir, to recover the amount of the policy. A demurrer was filed and sustained to the petition, because the plaintiff had no right to sue.

Whether the action accrued to the plaintiff, or should properly have been brought by the executor or administrator of Loos, must depend upon the meaning to be affixed to the word "representatives." Legal representatives and personal representatives, in the general or professional sense, mean simply executors or administrators. Although this is the primary, legal meaning, they are often construed differently, if it is clear that the intention was to vest the estate in a different class of persons. That they mean executors and administrators will ordinarily be taken as true, where nothing is shown to raise a counter presumption, but the meaning is not so inflexibly attached as to prevail in all cases when it is manifest that another disposition was intended. The intention must control, and that intention is to be gathered by a view of the context subject-matter and the purpose to be attained. The words have therefore been held to mean next of kin when the circumstances of the case made it apparent that such a construction would effectuate the object had in view. The language used by the assured would seem to indicate that it was his intention, in case of his untimely decease, to make some provision for the surviving members of his family, and not that the money arising from the policy should go to his executors or administrators, to be administered on as ordinary assets.

Policies for a term of life insurance of this description are of frequent occurrence, and where it is meant that the money resulting from the policy shall descend and be used as common assets, the invariable language is "to pay to the said assured, his executors, administrators or assigns." The changing of the language and using terms of different expression clearly

import that the money was intended for the benefit of his heirs, or next of kin, and that it was not to be administered on as assets by the executor, or administrator. The plaintiff is the only child and sole heir, and she is entitled to the money; the word "representatives," used in the policy in conjunction with heirs, cannot divest her title or divert the money to another source.

Reversed and remanded. The other judges concur.