MILN P. PALMER, Respondent, *v.* DAVID H. DUNHAM et al., Respondents, ANNIE P. DUNHAM, Appellant.

The will of H. gave to her executors in trust a fund, part of which they were directed to invest and pay over the income to D. "for and during her natural life, and upon her death, to pay over said principal sum to her lawful issue, share and share alike." The residuary clause of the will provided "that in case of the death of any of the beneficiaries or persons entitled to share in the investments herein directed to be made before the time limited for the payment thereof, my will is that the same be paid over to their next of kin as, according to the statute of distributions, their personal estate would be divided or distributed."

D. died in 1887, leaving a son, three grandchildren, the issue of a son who died after the death of the testatrix, and a granddaughter, the issue of a son who died before the will was executed. *Held*, that upon the death of the testatrix the beneficial interest in the fund passed to D. for life, with remainder to her two children then living, who were her only lawful issue within the meaning of the will; that upon the death of D. her surviving son was entitled to one-half of the fund, and under the substitutionary clause the children of the son who died after the testatrix were entitled to the other half.

(Argued October 30, 1890; decided December 2, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made July 23, 1889, which affirmed a judgment to the effect that the defendant Annie P. Dunham was not entitled to share in a fund created by the will of Thomas B. Hegeman, deceased, entered upon an order of Special Term confirming the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Sidney Barculo Stuart* and *Theodore De Witt* for appellant. The language of the fourth clause in itself is such as to call for construction. (*In re Smith*, L. R. [5 Ch. Div.] 497; *Colton* v. *Fox*, 67 N. Y. 348; *Warner* v. *Durant*, 76 id. 133; *Smith* v. *Edwards*, 88 id. 103, 104; *Delafield* v. *Shipman*, 103 id. 463; 2 Jarman on Wills, 762; 3 id. 618; *Jarvis* v. *Pond*, 9 Sim. 549.) There being no doubt that the testatrix intended to make such an impartial distribution as would include the appellant, and that the words of the fourth clause are inapt and must necessarily receive a construction varying from their literal import. (*Phillips* v. *Davies*, 92 N. Y. 199, 204; *Long* v. *Tabor*, 8 Penn. St. 229.) The construction which excludes the appellant conflicts with the rule, that if the language " is capable of a construction which would permit the issue of a deceased son (*i. e.*, son of life beneficiary) to participate in the remainder limited upon his mother's life estate, that construction should, on all settled principles, be

adopted in preference to one which should exclude them."
(*In re Brown*, 93 N. Y. 295; *Byrnes* v. *Stillwell*, 163 id.
453, 460.) The Supreme Court has refused to adopt such
harsh construction in the analogous case of a gift to descend-
ants under the statute whereby such gift goes to their issue; in
case of their death before the testator. (2 R. S. 66, § 52;
*Barnes* v. *Huson*, 60 Barb. 598.) The whole current of
American adjudication is uniform in support of the liberal
construction which admits the issue of a pre-deceased child,
without, it is believed, a single exception. (*Teed* v. *Morton*,
60 N. Y. 502; *In re Crawford*, 113 id. 366; *Abbey* v. *Aymar*,
3 Dem. 400; *Lawrence* v. *Hebbard*, 1 Bradf. 252; *Wright* v.
*M. E. Church*, Hoff. Ch. 202; 3 Jarman on Wills, 639; *In
re Potter*, L. R. [8 Eq.] 59; *Outcalt* v. *Outcalt*, 42 N. J. Eq.
500; *Long* v. *Labor*, 8 Penn. St. 229; *May's Appeal*, 41 id.
512; *Huntress* v. *Place*, 137 Mass. 409; *Wheeler* v. *Allen*,
54 Me. 232.) If the appellant is excluded from the fourth
clause, then she must be held to be included in the second
clause as one of the lawful issue. (*Carter* v. *Bantwell*, 2
Beav. 551; *Hedges* v. *Harper*, 9 id. 479; *Kingsland* v.
*Rapelye*, 3 Edw. Ch. 1; 2 Jarman on Wills, 102; *In re
Cornell*, 5 Dem. 88; 4 Kent's Comm. 419; *Ross* v. *Ross*, 20
Beav. 645; *Head* v. *Randall*, 2 Y. & C. 231; *In re Warren*,
L. R. [26 Ch.] 208; *McLean* v. *Freeman*, 70 N. Y. 81, 89;
*Brown* v. *Brown*, 41 id. 514; *Betts* v. *Betts*, 4 Abb. [N. C.]
433.)

*Joseph S. Wood* for respondent David H. Dunham. The
lawful issue of Mary A. Dunham, referred to in the second
clause of said will, are the children of said Mary A. Dunham,
living at the time of the death of the testatrix, and none
other. (*Palmer* v. *Horn*, 84 N. Y. 516.) The bequest to
the children of Mary A. Dunham was a vested remainder,
prior to her death. (2 Redf. on Wills, 622, 626, 627, § 41;
*Barker* v. *Woods*, 1 Sandf. Ch. 129.) Miss Dunham can take
only what her father was entitled to. (*Hayward* v. *Barker*,
113 N. Y. 375; *Hunter* v. *Cheshire*, L. R. [8 Ch. App.]

751; *Christopherson* v. *Naylor*, 1 Mer. 320; *Thornhill* v. *Thornhill*, 4 Madd. 377; *Olney* v. *Bates*, 3 Drew. 319; *Harbergham* v. *Ridehalgh*, L. R. [9 Eq.] 401; *West* v. *Orr*, L. R. [8 Ch. Div.] 60; *Widgeon* v. *Mello*, 23 id. 737; Theobold on Wills, 347, 348.)

*Abel E. Blackmar* for guardian *ad litem* respondent. If the gift is to a class, and is followed by a substitutionary gift of the share of any one in the class who should die, no one can take under the substitutionary clause who is not able to predicate that his parent might have been one of the original class; and consequently, if the parent was dead at the date of the will, and, therefore, could by no possibility have taken as one of the original class, his next of kin are not able to take under the substitutionary gift. (*Christopherson* v. *Naylor*, 1 Mer. 320; *West* v. *Orr*, L. R. [8 Ch. Div.] 60; *Widgeon* v. *Mello*, 23 id. 727; 3 Jarman on Wills [Am. ed.], 628, 639.) If the parent, although already dead, is expressly pointed out as a member of the original class, there the secondary gift takes effect because that is the plain intention of the testator, although it may be inartificially expressed. (*Lawrence* v. *Hubbard*, 1 Bradf. 252; 3 Jarman on Wills [Am. ed.], 639.) In certain cases a compound class is pointed out composed of, say for illustration, lawful issue and next of kin of deceased lawful issue. In this case there is no substitutionary gift, but a direct substantive gift to a compound class. (*Loring* v. *Thomas*, 1 D. & S. 497.) The question seems to be whether the fourth clause gives by way of substitution only. We submit that such is the plainly.expressed intent of the testatrix. A legacy cannot be given to a dead man, therefore, the class lawful issue mentioned in the first subdivision of the second clause embraced only David H. Dunham and John B. Dunham. *In re Crawford*, 113 N. Y. 366; *Hunter* v. *Cheshire*, L. R. [8 Ch. App.] 751; *Crook* v. *Whitely*, 26 L. J. Ch. 350.)

O'BRIEN, J. This appeal involves the construction of certain clauses contained in the will of Frances B. Hegeman,

deceased. The will was executed in the year 1876, and the testatrix died in the year 1877. The action was brought by the trustee under the will to settle his account, and he also asks that the court give construction to and determine the meaning of certain provisions of the will. A referee was appointed to state the account and report the facts with his opinion thereon to the court. The facts and the law applicable to the questions in the case, as found by the referee, were substantially adopted by the court at Special Term. The portion of the judgment claimed to be erroneous is that whereby it was adjudged that "Annie P. Dunham is not entitled to one-third or any share of the legacy left for the benefit of Mary A. Dunham by the first subdivision of the second clause of the will of Frances B. Hegeman, but the trust fund held for the said Mary A. Dunham is to be divided equally between David H. Dunham, who will take one-half thereof, and the three children of John B. Dunham, Maude A., Alden B. and Edgar A., who will together take the other one-half thereof." Annie P. Dunham claimed that she was entitled to a share of the legacy above mentioned and she appealed to the General Term, and upon affirmance of the judgment against her there, she appeals to this court.

The testatrix in her will made numerous bequests to nephews and nieces, but we are concerned with none of these bequests in the determination of this appeal, except that contained in the first subdivision of the second clause of the will which reads as follows : " Second — I give, devise and bequeath to my executors hereinafter named, and the survivors of them, so much of my estate in trust, nevertheless, as will enable them to make the following investments and to pay the legacies hereinafter named, that is to say : First — To invest the sum of twenty thousand dollars and pay over the net interest and income thereof to my niece, Mary A. Dunham, for and during her natural life, and upon her death to pay over said principal sum to her lawful issue share and share alike." By a subsequent provision contained in the residuary clause, the testatrix directed that " in case of the death of any of the beneficiaries

or persons entitled to share in the investments herein directed to be made before the time limited for the payment thereof, my will is that the same be paid over to their next of kin as according to the statute of distributions their personal estate would be divided and distributed."

Mary A. Dunham, the beneficiary and niece of the testatrix, died on the 30th day of July, 1887, after the commencement of this action. She left but one child, a son, Daniel H. Dunham, who is still living, and who, as we have seen, has been awarded by the court below one-half of the fund directed to be invested for the benefit of his mother during her life. Another son, John B. Dunham, died nine years after the testatrix on the 26th of July, 1886, leaving three children, Maud A. Dunham, Alden B. Dunham and Edgar A. Dunham, Jr., to whom the decision appealed from awarded the other half of the fund. A third son of the beneficiary, Edgar A. Dunham, died March 31, 1871, several years before the will in question was made, and his only child, Annie P. Dunham, is the appellant in this case. Another bequest in this will to a nephew, framed in the same or substantially the same words as the one now under consideration, came before this court for construction (*Palmer* v. *Horn*, 84 N. Y. 516), and it was held that the words "lawful issue" meant the children of the beneficiary. Adopting the same construction as applicable to the clause of the will now in question, it must follow that when the testatrix died in 1877, the beneficial interest in the fund, which is the subject of the present controversy, passed under the will to her niece Mary A. Dunham for life with a remainder in her two children, Daniel H. and John B. Dunham, who were her only "lawful issue" within the meaning of the will.

It is not essential to the determination of the questions involved in this appeal for us to decide whether the remainder became vested upon the death of the testatrix or the title remained in the trustee till the death of the life beneficiary. The rights of the parties making claim to the sum directed to be invested under the clause of the will above quoted do not

depend, as it seems to us, in any degree upon a solution of that question: As Edgar A. Dunham, through whom the appellant, his daughter, claims, died years before the will was made, none of its benefits, we think, were intended to apply to him or his children. He was not a beneficiary or person entitled to share in the investment directed by the will to be made within the meaning of the residuary clause above referred to, and consequently his next of kin was not entitled to share in the remainder. The gift of the remainder was to a class, followed by a substitutionary gift of the share of anyone in the class who should die to the next of kin of such deceased person. No one can take under this substitutionary clause who cannot show that his parent might have been one of the original class. (*Christopherson* v. *Naylor*, 1 Mer. 320; *West* v. *Orr*, L. R. [8 Ch. Div.] 60 ; *Widgen* v. *Mello*, L. R. [23 Ch. Div.] 737 ; Jarman on Wills [Am. ed.], vol. 3, p. 628.)

Bequests similar to the one now under consideration have been the subject of much controversy in regard to the right of the issue of pre-deceased children to take when the words used in the will were left open to construction. But as was said in *Matter of Crawford* (113 N. Y. 366), we are relieved in this case from the necessity of a critical examination of the cases on the general subject, for the reason that the language of the will is so plain as to remove any doubt about the meaning of the testatrix. She evidently intended that the fund invested should, upon the death of her niece, pass to the children of that niece who were living when the will was made, and the next of kin of any of them who subsequently died. As the courts below have held, in accordance with this view, the judgment should be affirmed with costs to all the parties to this appeal, to be paid out of the fund.

All concur, except PECKHAM, J., not sitting.

Judgment affirmed.