### In re DEVOE.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

1. WILL—CONSTRUCTION—SUBSTITUTIONARY CLAUSE.

A will provided in one clause that the trustees named therein should divide a certain fund into as many shares as there were children of testator's niece living at the time of his death, and apply the income of one share to the use of each child, and on their death, respectively, the principal and interest to be paid over "to their issue and descendants." The will declared in another clause that, in case of the death of any of the persons entitled to share in the investments before the time limited for the payment thereof, his share should go to his next of kin. A son of one of the children mentioned in the first clause died before his mother, survived by a wife, but leaving neither issue nor descendants. *Held,* that the substitutionary clause applied to the clause first mentioned, and hence the mother, as his next of kin, and not his wife, became entitled to his reversionary interest under the will.

2. SAME—WHAT LAW GOVERNS.

A will directed that, in the event of a beneficiary's death before his share became payable, it should go to his next of kin as according to the statute of distributions his personal estate would be distributed. *Held,* that if such statute was thereby made the means of distribution, and was not invoked simply to afford the rule, the statute of the testator's domicile, and not that of the domicile of the beneficiary, governed.

Appeal from special term, Westchester county.

Proceeding by Margaret C. Devoe against Miln P. Palmer and others to obtain an order directing the payment over to her of certain funds held by the said Palmer as trustee under the will of Frances B. Hegeman, deceased. From an order of the special term confirming the report of a referee finding against the petitioner, she appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Hector M. Hitchings, for appellant.
Joseph S. Wood, for respondents.

JENKS, J. This is an appeal from an order of the special term confirming the report of a referee appointed to take proof on certain questions, and to report as to the persons entitled to take and receive a certain fund heretofore held in trust by Palmer as trustee under the last will and testament of Frances B. Hegeman, deceased, for the benefit of Letitia Devoe during her lifetime. Frances B. Hegeman, a lifelong resident of the city of New York, died there in 1878, unmarried, leaving no nearer relatives than nephews and nieces, and leaving a last will and testament, dated August 31, 1876, which was

probated in February, 1878. All of the surviving nephews and nieces were mentioned in the will, the pertinent features of which are as follows:

"Second. I give, devise, and bequeath to my executors hereinafter named, and the survivors of them, so much of my estate, in trust, nevertheless, as will enable them to make the following investments, and to pay the legacies hereinafter named; that is to say," (subdivision) "fourth, to invest the sum of thirty thousand dollars, and pay over the net interest and income from ten thousand dollars thereof to Aaron Mixsell, the husband of my deceased niece, Cynthia Mixsell, so long as he shall live and remain single, and on his decease or remarriage that they pay over the said sum of ten thousand dollars to the lawful issue of my said niece, Cynthia Mixsell, share and share alike; and, as to the further sum of twenty thousand dollars, that they divide the same into as many shares as there shall be children of my niece, Cynthia, living at my death, and that they keep the same invested and apply the interest or income from one of said shares to the use of said children, respectively, and on the death of said children, respectively, that they pay over the principal and accumulations of interest to their issue and descendants according to the statute of distributions in cases of intestacy.

"Third. I give, devise, and bequeath all the residue of my estate and such as I may die seised of [specifying property] to my executors hereinafter named, and the survivor of them, in trust to sell and convey so much and such parts of the real estate as shall be necessary, with my personal estate, to pay debts and legacies and expenses of executing the trusts hereby reposed, and to make up the funds above disposed of and given to my executors, and as to the residue thereof, until the arrival at the age of twenty-one years of George C. Palmer, the son of my nephew Nicholas F. Palmer, to rent the same, and after paying taxes, assessments, and other charges, to apply the rents to the use of the above-named parties, excluding James C. Aiken and Gilbert E. Dorland, and, on the arrival at age of twenty-one years of the said George C. Palmer, to sell and convey the same and divide the proceeds of sale to and among the parties named in the several clauses on this will, except James C. Aiken and Gilbert E. Dorland, in the same proportions and in the same manner as the said investments and legacies are directed to be paid.

"Fourth. My executors are hereby authorized and empowered to sell and convert such part or parts of my personal estate as may be necessary to provide funds for the investments herein directed to be made, and for the payment of the legacies, and to call in and reinvest the same from time to time as occasion or necessity may require; and, in case of the death of any of the beneficiaries or persons entitled to share in the investments herein directed to be made before the time limited for the payment thereof, my will is that the same be paid over to their next of kin as according to the statute of distributions their personal estate would be divided and distributed."

One of the nieces (Cynthia Mixsell) died in 1872, leaving, her surviving, her husband, Aaron Mixsell, and four children, Aaron J. Mixsell, Mary D. Devoe, Letitia J. Devoe, and Susie E. Mixsell. Aaron Mixsell died November 21, 1878, and the $10,000 in which he had a life interest was duly distributed. The further sum of $20,000 mentioned in subdivision 4 of the second clause of the will was divided by the executors in four trust funds, of $5,000 each. In one fund Letitia Devoe had a life interest, and, by addition from the residuary estate, $2,336.95 was added to the said $5,000, so that the sum thereof is $7,336.95. Letitia Devoe became a resident of Denver, Colo., in 1893, and there died intestate in 1899, leaving no child, children, or adopted child or children, or any descendants of either, and no father and no mother. Her nearest relatives and next of kin were her sisters, Mary D. Devoe and Susie Wood, and her niece,

Cynthia J. Mixsell, daughter of her brother, who died October 31, 1896. The said Letitia Devoe had one child, Edmund M. Devoe, who became a resident of Colorado in 1892, where he remained until his death, at the age of 33, on August 4, 1899, leaving a widow, Margaret C. Devoe, still living. Edmund M. Devoe never had any child or adopted child, and his next of kin at his decease was his mother, Letitia J. Devoe. The learned special term (Mr. Justice Keogh presiding), confirming the report of the referee, Marcus B. Campbell, who submitted a well-considered opinion, decided that on the death of Edmund M. Devoe before his mother, the life tenant, the remainder to which he would have been entitled had he survived her went to his next of kin, under the provisions of the fourth clause of the will, which provides:

"And, in case of the death of any of the beneficiaries or persons entitled to share in the investments herein directed to be made before the time limited for the payment thereof, my will is that the same be paid over to their next of kin as according to the statute of distributions their personal estates would be divided and distributed."

We think that the decision of the learned special term was right. The word "issue," as used in this very will, includes children, as the court of appeals has decided. Palmer v. Horn, 84 N. Y. 516. And we think that the construction of the will involved in the litigation of Palmer v. Dunham, 125 N. Y. 68, 25 N. E. 1081, is directly in point upon the question presented by this appeal. In that case the court said:

"The gift of the remainder was to a class, followed by a substitutionary gift of the share of any one in the class who should die to the next of kin of such deceased person."

The learned counsel for the appellant would differentiate the authority of Palmer v. Dunham, supra, on the ground that the language now up for construction is not "lawful issue," but "lawful issue and descendants." In Palmer v. Dunham the class was the issue. In this case the class is the issue and the descendants, but I think that the reasoning and determination of the court in that case apply. I think that the effect of these words is but to extend the class capable of taking the remainder, and in no way tends to exclude the application of the substitutionary clause. It but removes its application one step farther, by requiring that not only must there be no issue, but no descendants, before the said clause becomes effective. And as, in matter of fact, there was neither issue nor descendants of Letitia J. Devoe, her surviving, the substitutionary clause applied. We are of opinion that the next of kin in this case is the mother of Edmund M. Devoe, and not his widow. Murdock v. Ward, 67 N. Y. 387, 389, et seq.; Luce v. Dunham, 69 N. Y. 36; Platt v. Mickle, 137 N. Y. 106, 32 N. E. 1070. The will directs that the personalty in question be paid to the next of kin, and the statute of distributions is merely invoked to afford the rule. Luce v. Dunham, supra. Conceding, however, that the statute of distributions is not merely invoked to afford the rule, but is made the means of distribution, I think that our statute, not that of Colorado, must govern. 1 Williams, Ex'rs, p. *182, note; Despard v. Churchill, 53

N. Y. 192; Harrison v. Nixon, 9 Pet. 483, 502, 9 L. Ed. 201. The order appealed from must be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.