In re Estate of RIESENBERG, Deceased; GEERDTS
et al., Respondents, v. RIESENBERG, Appellant.

**St. Louis Court of Appeals, December 12, 1905.**

1. **WILLS: "Legal Representative."** Where a testator bequeathed
property to his sister, providing that in the event she died
before the testator the property should go to her heirs and
"legal representatives," the term legal representatives is syn-
onymous with heirs and but a repetition of the term.

2. ———: **Conflict of Laws: Domicile of Testator.** Where a tes-
tator, whose domicile was in this State, bequeathed personal
property to his sister living in Germany, and in the event of
her death before the testator, to her heirs, the ascertainment
of who are to take as her heirs must be determined by the law
of the testator's domicile and not by the law of Germany, the
legatee's domicile.

3. ———: ———: ———. While the testator might have di-
rected that the term heirs should be determined by the laws
of the legatee's domicile, the designation of the legatee as be-
ing "at Flensberg, Germany" did not operate as such a direc-
tion.

Appeal from St. Louis City Circuit Court.—*Hon.
O'Neill Ryan,* Judge.

REVERSED AND REMANDED (*with directions*).

*Walter Diehm* for appellant.

The descent and distribution of personal or movable
property in all cases where its owner died intestate is
governed exclusively by the law of the deceased owner's
last domicile. Story on the Conflict of Laws (8 Ed.),
p. 677; 2 Kent Comm., 429; 22 Am. and Eng. Ency. of
Law, p. 1355, sec. 10; Schouler on Ex. and Adm., sec. 16;
Woerner on Adm., star page 360; Dicey on Conflict
Laws (1896), page 677; Richardson v. Lewis, 21 Mo.
App. 531-534; Ennis v. Smith, 55 U. S. (14 How. 400);

Russell v. Madden, 95 Ill. 485; Cooper v. Beers, 143 Ill. 25; Noonan v. Kemp, 34 Md. 73, 6 Am. Rep. 307; Towner v. Durbin, 60 Ky. 352; Apple's Estate, 66 Cal. 432; Sanford v. Thompson, 18 Ga. 554; Havery v. Richards, 1 Mason 381-402; Sell v. Worsmick, H. Blackstone's Reports 665; In Re Witter's Est., 15 N. Y. Supp. 133; R. S. 1899, sec. 268. In the construction and interpretation of a will, the law of the testator's last domicile will prevail. Story on Conflict of Laws, 479a; 1 Redf. Wills (3 Ed.), 383; Harrison v. Nixon, 9 Peters 483, 9 L. Ed. 201; Trotter v. Trotter, 4 Bligh (N. R.) 502; Austruther v. Chalmer, 2 Sim. 1, 4 L. J. Ch. 123; Dannelli v. Dannelli, 4 Bush. (Ky.), 51; Jones v. Habersham, 107 U. S. 179; Adams v. Farley (Miss.) 1895, N. 8 So. Rep. 390; Sale v. Saunders, 24 Miss. 24; 57 Am. Dec. 157; Despared v. Churchill, 53 N. Y. 192; Harrell v. Harrell, 39 N. J. Eq. 279; Harrell v. Wallace, 37 N. J. Eq. 458; In Re Rutherford's Estate, 1 Chester County Rep., 149. In the ascertainment of the persons who are to take under the general, usual and customary designations to a class, such as "heirs," "children," "next to kin" and the like, the laws of the testator's domicile govern. 22 Am. and Eng. Ency. of Law, p. 1368, sec. 4; 22 Greenleaf on Evidence, sec. 671; Lincoln v. Perry, 149 Mass. 368; Proctor v. Clark, 154 Mass. 45; In Re Devoe 72, N. Y. Supp. 962, 63 N. E. Rep. 1102; Keith v. Eaton, 58 Kan. 732; 1 Chauncy Law Reports, 483 (English); In Re Ferguson's Will (1901); Guerard v. Guerard, 73 Ga. 506.

*Gustav Detjen* and *William H. Davies* for respondent.

1. Testator's intention controls. Where there is a controversy as to the construction to be placed upon a certain clause in the will we are left solely to the intention of the testator as a guide to a proper interpretation. R. S. 1899, sec. 4650; 2 Wharton on Conflict of Laws (3 Ed.), sec. 599b; 2 Woerner on Am. Law of Adm. (1 Ed.),

sec. 414; Redfield on Wills, ch. 9, sec. 30c, et seq.  2. The words used.  The particular words used by the testator to designate the persons who are to take under the will must be considered not only as standing alone but as coupled and used in conjunction with each other and with all the other words of the clause. Turner v. Timberlake, 53 Mo. 371; Allison v. Chaney, 63 Mo. 279; Reinders v. Koppelman, 94 Mo. 338; Preston v. Brant, 96 Mo. 552; Chew v. Keller, 100 Mo. 362.  3.  Testator's intention gathered therefrom.  The intention of the testator must be gathered from these words in view of the testator's position and all the surrounding circumstances.  Shumate v. Bailey, 110 Mo. 411; Nichols v. Boswell, 103 Mo. 151.  4.  Legal conclusions resulting.  When the intention of the testator is thus clearly shown, no technical rules of law, nor adjudicated cases in other jurisdictions, can be permitted to defeat that intention, as each will, to a great extent, is its own interpreter.  Small v. Field, 102 Mo. 104; Murphy v. Carlin, 113 Mo. 112; Mersman v. Mersman, 136 Mo. 244; Cross v. Houch, 149 Mo. 325; Hurst v. Von De Vol, 158 Mo. 246.  5.  Foreign law incorporated into will.  In wills, as well as in contracts, the law which decides the construction of the disputed clause is that which is expressly or impliedly incorporated therein, and where this is the law of another country it will not be considered as foreign, but as incorporated into the instrument, and will govern.  22 A. & E. Enc. of Law (2 Ed.), 1368; Reyle's Estate, 18 Penn. Co. Ct. Rep. 336; Pritchard v. Miles, 106 U. S. 124, 136; Weyman v. Southard, 10 Wheaton 1, 48; Le Breton v. Miles, 8 Paige (N. Y.), 261.

BLAND, P. J.—Harry Reisenberg, a resident of the city of St. Louis, died testate in said city, June 16, 1902. After making certain bequests to charitable institutions, his will provides as follows:

"3.  I further  give  and  bequeath  the  following

named sums of money to the following named persons, to-wit:

The sum of two thousand dollars to my brother, Carl Riesenberg, of Aachen, Germany, and in the event that he should die before me and his wife, Auguste, should then be living, to his said wife Auguste, for and during her natural life, and after her death or, if she should also have died before my death, to the heirs and legal representatives of my said brother Carl Riesenberg.

"The sum of two thousand dollars to my brother, Wilhelm Risenberg, of Chicago, Ill., and in the event that he should die before me, to his heirs and legal representatives.

"The sum of two thousand dollars to my sister, Helene Lorenz, of Uelzen, Germany, and in the event that she should die before me, to my brother, Herman Riesenberg, hereinafter named, his heirs and assigns.

"The sum of two thousand dollars to my brother, Herman Riesenberg of Eichriede, near Wunstorf, Germany, and in the event that he should die before me to his heirs and legal representatives.

"The sum of two thousand dollars to my sister, Theresa Geerdts, at Flensberg, Germany, and in the event that she should die before me, to her heirs and legal representatives.

"4. The rest, residue and remainder of all the property, real, personal or mixed, that I die seized and possessed of, or which is coming, owing or belonging to me at the time of my death, and wheresoever it may be situated I give, devise and bequeath to my beloved wife, Adele Riesenberg, her heirs and assigns, provided she remains a widow; it being my will that if my said wife shall remarry, she shall receive and be endowed of such portion of my estate, real, personal or mixed, which she would be entitled to under the laws of the State of Missouri, in case that I had died intestate."

The following are the agreed facts:

"The legatee, Theresa Geerdts, died childless, a year

or two before the testator, Harry Riesenberger, in Flensberg, Germany, where she had been domiciled. She was survived by her husband, Julius Geerdts, and the following brothers and sisters: Carl, Wilhelm, Herman and Adolph Riesenberg and Helene Lorenz.

"The testator was married at the time of his death and is survived by his widow, Adele Riesenberg, but no children had been born to him, and at the execution of the will and until his death, the testator was domiciled in Missouri.

"Under the laws of the domicile of Theresa Geerdts her husband, Julius Geerdts, is one of her heirs, and as such would be entitled to one-half of the legacy in question under the German law."

As Theresa Geerdts never came into possession of the legacy under the will, according to the Missouri law, her husband would take no part of the gift; the whole of it would go to her brothers and sisters. Under the German law, her husband would take one-half the gift. It will thus be seen that the matter in dispute is in regard to who are the heirs of Theresa Geerdts, within the meaning and intent of the testator, those who are her heirs under the laws of Germany, the country of her domicile, or those who are her heirs according to the laws of Missouri, the place of the testator's domicile. Both the probate and the circuit court adjudged that the gift to Theresa Geerdts should be distributed according to those who are heirs under the laws of Germany. One of the brothers of said Theresa Geerdts appealed from the judgment to this court.

1.  The expression, "to her heirs and legal representatives," in the clause of the will making the gift to Theresa Geerdts must be interpreted in order to ascertain the class or classes of persons the testator had in mind.  The term, "legal representatives," is equivocal and may refer either to executors or administrators, alienees or heirs.  [Lessee of Duncan v. Walker, 1 Yeates (Pa.), 213; Lessee of Rice v. White, 8 Ohio 216; Chasy v.

Gowdy, 43 N. J. Eq. 95; Ewing v. Jones, 15 L. R. A. (Ind.) 75; Merchants' National Bank v. Abernathy, 32 Mo. App. 211; Elstroth v. Young, 83 Mo. App. 253; Wells v. Bente, 86 Mo. App. 264.]

It is plain from the terms of the will that the testator intended that his sister and (in the event that she should die before him) her heirs—his kinsmen—should be the beneficiaries of his bounty, not that a stranger, who might be appointed as the executor or administrator of his sister's estate, should take any part of his estate, and, we think, the term, "legal representatives," should be construed as a repetition of the word "heirs." [Olney v. Lovering, 167 Mass. 446; Schultz v. Insurance Co., 59 Minn. 309; Greenwood v. Holbrook, 111 N. Y. 465; Greene v. Huntington, 73 Conn. 106; Allen v. Stovall, 63 S. W. 863.]

In Rivenett v. Bourquoin, 53 Mich. 10, it was held that the term, "legal representatives," in a will leaving property to testator's children with a proviso, that if any of the children died before the testator, the estate should be divided among their survivors or "legal representatives," should be construed to mean "lawful heirs." To the same effect is Blakeman v. Sears, 74 Conn. 516.

In Ewing v. Shannahan, 113 Mo. 188, 20 S. W. 1065, it is said that the term, "legal representatives," in a deed of land in trust for the benefit of the donor, providing that on the donor's death the property should descend to his "legal representatives," but a certain person named should inherit no part thereof, meant heirs of the donor. The use of the term in the clause of the will under review, we think is synonymous with the term "heirs" and is, in effect, but a repetition of the latter term and should be treated as surplusage.

2. In respect to the descent and distribution of personal property, the general rule is stated as follows at page 1355, vol. 22, American & English Ency. of Law, to-wit: "It is a universally recognized rule of private international law that inasmuch as personal or movable

property has no *situs* of its own, but follows the domicile of its owner, the descent and distribution of such property in all cases where its owner died intestate are to be governed exclusively by the law of the deceased owner's last actual domicile." In the same volume, at page 1368, it is said: "It appears to be a general rule that the ascertainment of persons who are to take under designations as a particular class or description, as 'heirs,' 'children,' 'next of kin,' and the like, is to be determined by the law of the testator's domicile. . . . The application of the principle is not affected by the circumstance that in case of a gift to a person with a limitation to his 'heirs at law,' 'children,' or the like, that person at his death has a different domicile from that of the testator. It is still the law of the testator's domicile that determines who shall take under the description."

Judge Story, in his work on Conflicts of Laws, in respect to the same matter, at section 484, says: "The rule of the common law is that they (a described class) are to be ascertained by the *lex domicilii,* both in regard to immovable property and to movable property, unless the context furnishes some clear guide for a different interpretation." The same eminent jurist writing the opinion in Harrison v. Nixon, 9 Peters l. c. 504, said: "They (wills) are supposed to speak the sense of the testator, according to the respective laws or usages of the country where he is domiciled, by a sort of tacit reference; unless there is something in the language which repels or controls such a conclusion. In regard to the personalty in an especial manner, the law of the place of the testator's domicile governs the distribution of the will thereof unless it is manifest that the testator had the laws of some other country in his own view."

In Dannelli v. Dannelli's Admr., 4 Bush (Ky.) 51, following Story on Conflicts of Laws, it was ruled that the laws of the place where a will is made and the testator is domiciled must determine who are capable of taking under the will, and the same rule applies to the

ascertainment of persons who are to take under a will or testament. Like rulings were made in re Devoe, 72 N. Y. Supp. 962; Keith v. Eaton, 58 Kan. 732; Lincoln v. Perry, 149 Mass. 368, and in Proctor v. Clark, 154 Mass. 45. No cases to the contrary have been cited by the respondent nor do we think there are any. That a testator may direct that the persons who are to take under his will shall be those who would take in case of intestacy, according to the laws of a foreign country, does not admit of doubt and is expressly conceded in the cases cited above. And respondents' counsel, on the fact that Theresa Geerdts is named in the will as a resident of Flensberg, Germany, argues that the testator intended, in the event of her death before his, that her heirs should be ascertained by the laws of Germany. The argument would be more plausible had not the testator named the places of residence of each of the other beneficiaries under his will. We think the more reasonable inference to be drawn from the fact that the places of residence of his brothers and two sisters are stated in the will is that they were named for the purpose of making a more particular designation of the beneficiaries and to apprise his executor and executrix where they might be found after his death. Both upon authority and reason, the presumption is that the testator had in view the laws of Missouri (the place of his domicile) when he made his will; to rebut this presumption something more should be found in the will than the mere designation of Theresa Geerdts as a resident of Flensberg, Germany. Our conclusion is that the heirs of Theresa Geerdts should be ascertained according to the laws of Missouri, and reverse the judgment and remand the cause with directions that it be proceeded with as herein indicated. All concur.