METROPOLITAN LIFE INS. CO., Plaintiff and Interpleader, v. FIDELITY NATL. BANK & TRUST CO., Executor, Defendant, Respondent. MEDA FULLER GREEN, et al., Defendants and Interpleaders, Appellants.

Kansas City Court of Appeals, March 7, 1921.

1. **INSURANCE: Construction of Policy: Vested Interest: Assigned Without Consent of Beneficiaries: Legal Heirs Held not to Have a Vested Interest in Life Insurance Policy.** In an action brought to determine the ownership of proceeds of a certain life insurance policy, where insured designated as beneficiaries, under said policy, which authorized him to change beneficiaries, his legal heirs, representatives or assigns, the use of the word "assigns," even if it did not require that the proceeds of the policy should go to executor of deceased rather than to his heirs, indicated an intention on the part of the insured to reserve the power to divert the insurance from such heirs, and for this reason the "legal heirs" had no vested interest in the policy and it could be assigned without their consent.

2. ————: **Wills: Change of Beneficiaries: Execution of Will Directing That Proceeds of Insurance be Used to Pay Debts was Sufficient to Change Beneficiaries Under Policy from Heirs to Executor.** The

legal heirs having no vested rights in the policy of insurance and the insured having the right to change beneficiaries, without their consent, such change of beneficiaries from heirs to executor was made when insured executed a will directing that the proceeds of his life insurance be used to pay his debts. and surplus, if any, should go to his wife.

3. ———: ———: Assignment: Notice: Disposition by Will Considered an Assignment, and Notice of Death of Insured was Sufficient Notice Thereof. Where policy provided that if assigned, written notice should be given as soon as practicable, and the insurance company made no point as to lack of consent on its part to the manner of changing beneficiaries, the disposition by will of the proceeds may be considered an assignment, and provision of policy requiring notice was met by written notice given company shortly after death of insured.

Appeal from the Circuit Court of Jackson County.— *Hon. Thomas J. Seehorn*, Judge.

AFFIRMED.

*James H. Austin* for Metropolitan Life Ins. Co.

*Bowersock & Fizzell* for Fidelity Natl. Bank & Trust Co.

*Battle McCardle* for Meda Fuller Green, et al.

*Scarritt, Jones, Seddon & North* for Minnie F. English.

*McVey & Freet* for Carolyn M. Fuller, Appellant.

BLAND, J.—This suit was brought to determine the ownership of the proceeds of a certain life insurance policy issued by plaintiff on the life of George W. Fuller, who died on May 10, 1919. Plaintiff paid the money into court under its bill of interpleader and was discharged. All claimants of the insurance were made parties defendant in the Bill.

The policy provides that the amount thereof, to-wit, $2000, should be pad to "Emma L. Fuller, wife of the insured, and in the event of her death before George W. Fuller, then to his legal heirs, representatives or assigns," and "If this policy be assigned, or held as security, written notice shall be given as soon as practicable to this company and due proof of interest produced with proof of death." Emma L. Fuller died in 1903 leaving three children by the insured, the defendants, Meda Fuller Green, Minnie Fuller English and William Hervey Fuller,. The insured after the death of his wife, Emma, married defendant, Carolyn Mary Fuller, no children were born of this marriage. The last will and testament of George W. Fuller, the insured, provides "I want the proceeds of my life insurance . . . to pay my just debts. If any surplus to go to my wife. If deficit, to be made up equally by Will, Minnie, Meda and Carolyn." The will is dated August 10, 1918. The insured carried an insurance policy in another company payable to his estate. Deceased left debts in excess of the amount of the policy and there are not enough funds in the estate, over and above the specific bequests, to pay such debts.

The proceeds of the policy are claimed by the defendant, Fidelity National Bank and Trust Company, as executor of the estate of George W. Fuller, deceased, and by the children of the insured as his "legal heirs." The widow contends that the proceeds should be divided equally among the three children and herself, provided they should not go to the executor. There was a judgment in favor of the defendant, Fidelity National Bank and Trust Company, resulting in this appeal.

It is insisted by appellants, the children of the insured, that they are the legal heirs of deceased and that the words of the policy "his legal heirs, representatives or assigns," designates the persons who were to receive the money in case of the death of his wife Emma and

that the children are his legal heirs; said defendants citing in support of the latter proposition the cases of Loos, Guardian, v. Hancock Mut. Life Ins. Co., 41 Mo. 538, and In re Estate of Riesenberg, 116 Mo. App. 308, among others. In the Loos case the policy was to be paid to the insured provided he should be living at the expiration of fifteen years and in case of his prior decease to his "heirs or representatives." He did not live that period and his daughter as his sole heir brought suit to recover. It is stated in the opinion in that case that ordinarily legal representatives and personal representatives in a professional sense means simply executors or administrators but that such terms are often construed differently, "if it is clear that the intention was to vest the estate in a different class of persons." It was held that in view of the fact that the words "heirs or representatives" were used in the policy instead of "executors, administrators or assigns," it was the intention of the insured to make provision for members of his surviving family rather than that the money should go to his executor or administrator to be administered on as ordinary estate. In the Riesenberg case it was held that the language "heirs and legal representatives" as used in the will referred to the heirs of the beneficiary and not to her estate; the court holding that it was the intent of the testator that the beneficiary's heirs and the testator's kinsmen should be the beneficiary of his bounty and not a stranger who should be appointed as executor or administrator of the beneficiary's estate, and that the words "legal representatives" should be held as a repetition of the word "heirs."

It is said in 4 Cooley's Brief on the Law of Insurance, pp. 3788 and 3789, that the proceeds of a policy if payable to insured's "heirs" vest in the heirs under the policy in the absence of some other controlling circumstance and not the insured's estate, but where the policy is payable to the heirs, executors, administrators or assigns of the insured, the proceeds go to his legal

representatives. [See, also, Rawson & Co. v. Jones, 52 Georga 458, and Loos v. Ins. Co., supra.]

In the case at bar there is little evidence, exclusive of the policy itself to show the intent of the insured at the time he procured the policy, so the matter becomes one of construction of a written contract. It is not necessary for us to go to the extent of holding that the language in this policy "his legal heirs, representatives or assigns" means that it was the intention of the insured that the proceeds of the policy in case of his wife's death should go to his executor or administrator upon his own demise rather than to the persons who should be his legal heirs, for the reason that assuming that the proper construction of the policy is that the proceeds were to go to the heirs, the use of the word "assigns" showed that it was the intention of the insured to reserve the power to divert the insurance from such heirs, and the policy itself clearly recognizes the right of the insured to assign the policy. [Mullins v. Thompson, 51 Texas 7, 14; Hubbard, Price & Co. v. Turner, 92 Georgia, 752, 756.] For this reason the "legal heirs" had no vested interest in the policy and the same could have been assigned without their consent. [Mo. State Life Ins. Co. v. California State Bank, 216 S. W. 785, and cases therein cited.] Under such circumstances, the legal heirs having no vested rights in the policy, the insured had the right to change the beneficiary without their consent, and this he did when he made his will in which he said "I want the proceeds of my life insurance . . . to pay my just debts," etc. It is insisted that the testator had reference to the other insurance policy but there is nothing in the bill to indicate this. The language of the will indicates that the maker thereof meant all of his life insurance.

The policy provides that if the policy be assigned, written notice should be given as soon as practicable to the company. If the disposition by will of the proceeds of the insurance can be called an assignment, then the

provision of the policy was met by a written notice given the company shortly after the death of the insured. Of course the company is making no point as to lack of consent on its part to the manner of changing the beneficiary.

From what we have said the judgment was for the right party and will, therefore, be affirmed. All concur.